IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:06-cr-150-WSD |
| BRUCE EDWARD McCREE, | |
| Defendant. | |

### OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Withdraw Guilty Plea [34] and the Government's Response to Defendant's Motion to Withdraw Guilty Plea [35]. Defendant did not file a reply to the Government's response.

### Background

Defendant was indicted on March 28, 2006, on one count of bank robbery in violation of 18 U.S.C. § 2113(a). Defendant was charged with presenting, on February 9, 2006, a note to a teller at the SunTrust Bank in Atlanta which read: "Give me your 20s and 50s, and don't be a hero." The teller collected cash from his drawer and handed it to the Defendant, who took the money and left the bank premises.

On July 5, 2006, the Court conducted a change of plea hearing at which the Defendant indicated that he wanted to plead guilty to the charge.[1]  At the hearing, Defendant advised the Court that he is 51 years old and has associate degrees in business management and culinary arts.  Defendant stated specifically that he understood the rights and matters addressed in Rule 11(b) of the Federal Rules of Criminal Procedure, including his right to a trial, the rights associated with his right to trial, his right against self-incrimination, the charge against him, and the elements of the charge.  He stated he had discussed his decision to plead guilty with his counsel and that he understood the maximum punishment authorized, the function and purpose of the sentencing guidelines, the sentencing process, and that he would not be allowed to withdraw his plea even if he received a sentence greater than what he expected.

The Defendant also admitted his conduct in the bank on February 9, 2006, specifically, that he handed the teller a note with a demand to hand over money, warning him not to be a hero.  Defendant stated, however, that he did not believe the teller could have feared physical harm, because the teller was protected by what

---

[1] This Court conducts extended change of plea hearings.  The hearings usually last 45 minutes to an hour.

Defendant believed to be bullet-proof glass.  Because Defendant indicated that he did not believe the teller could have feared violence or been intimidated, the Court refused to accept the Defendant's plea and the hearing was adjourned.

A few days later, the Defendant requested the Court to schedule a second change of plea hearing for him.  This second hearing was conducted on July 20, 2006.  This hearing was also comprehensive and the Court covered again all of the matters set forth in Rule 11(b) of the Federal Rules of Criminal Procedure.  Defendant again admitted committing a bank robbery and that he did so by presenting a note to the teller demanding that he "give [the Defendant] his 20s and 50s," and not to be a "hero."  Defendant acknowledged that the note "cause[d] [the teller] to give [the Defendant] money that didn't belong to [Defendant]."  (July 20, 2006, Change of Plea Hearing Transcript at 58).  The Defendant stated that it was in his best interest to plead guilty and admitted, without reservation or qualification, committing the February 9, 2006, bank robbery at the SunTrust Bank.[2]  The Court entered findings that Defendant was competent to enter his plea

---

[2] The Court notes that the Defendant is familiar with the crime of bank robbery.  He pled guilty to a bank robbery in the United States District Court for the Northern District of Illinois on April 19, 1991.  In committing that bank robbery, Defendant presented a demand note remarkably similar to the one at issue here, including a demand for 20s and 50s.

and that the plea was voluntary, knowing, and had a factual basis.  The plea was accepted and Defendant was adjudged guilty of the bank robbery.  Sentencing was set for September 26, 2006.

Defendant's sentencing hearing was conducted on September 26, 2006. Counsel for Defendant and for the Government agreed with the facts set forth in the Presentence Report, and the Court adopted the facts in the Presentence Report.[3] (Transcript of September 25, 2006 ("T.") Sentencing Hearing at 3).  The facts to which the parties agreed were consistent with the plea entered by the Defendant on July 20, 2006, particularly with regard to the elements of the offense of bank robbery.  Specifically, the Presentence Report stated that Defendant had presented a note to the teller on which he had written "give me your 20s and 50s and don't be a hero."  Id.  The facts stated further that the Defendant whispered to the teller three times, "Don't be a hero."  The Presentence Report further stated that the teller gave money to the Defendant because "there were three women co-workers who

---

[3] Counsel for the Government and the Defendant made minor comments on certain factual information set forth in the Presentence Report.  These remarks were not offered as objections and the Court incorporated the comments when it adopted the Presentence Report facts.  None of the comments concerned the offense conduct described in the report or the events in the bank on February 9, 2006.

4

were accessible to [Defendant]" when the note was presented and the teller "felt if he did not comply with [the Defendant] that he would harm the women." (Presentence Report at 3-4).

The Court next considered and sustained Defendant's objection to the guideline calculation in the Presentence Report, and the Court made sentencing findings under the Guidelines. After these findings were made, counsel for the Defendant and the Government offered arguments regarding the sentence they believed should be imposed. At the conclusion of these statements, the Court asked the Defendant if there was anything he wanted to say before sentence was imposed. Defendant began his remarks by stating: "I am the first to admit that I am a perpetrator in the fashion that I did knowingly break the laws of this country." (T. at 12.) As Defendant continued to speak, he offered a number of criticisms of the criminal justice system including, generally, the lack of resources available to Defendant's appointed counsel, the fact the Government had more personnel at the sentencing than he had, that the system favored the Government,

and that his attorney was over-worked and did not provide him with all certain unspecified materials he said he requested to review. (T. at 13-25.)

The largest portion of the Defendant's remarks, however, focused on Defendant's criticism of the Presentence Report preparation process. He complained about the inappropriate authority delegated to probation officers to prepare presentence report and the improper methodology used to prepare the reports, including that information was provided by the prosecuting attorney and the failure to recognize Defendant's good works in the past. Defendant complained that the report did not mention there was bullet-proof glass[4] at the teller counter. Defendant claimed the report noted the presence of more than one teller to exaggerate a threat posed by Defendant. That is, Defendant seemed to claim the Presentence Report deliberately presented the facts in the most aggravating light possible. Defendant criticized the objectivity and fairness of the prosecuting attorney and complained that a plea agreement offered to him was so one-sided so as to be unfair.[5]

---

[4] The report did mention the presence of bullet-proof glass. (Presentence Report at 2).

[5] The Defendant did not enter into a plea agreement with the Government.

The Defendant concluded by reiterating that he is guilty of a crime -- just not the one to which he plead guilty. Instead, Defendant claims he is guilty of a lesser included offense recognized in a Fourth Circuit case he described as "<u>United States v. Merk</u>, in volume 215 of the Federal Reporter 3d." (T. at 25.)[6] Because Defendant claims to be guilty only of this lesser included offense, he asked "that this Court allow[], me the right under Rule 11 of the Federal Rules of Criminal Procedure to withdraw my plea of guilty without prejudice." <u>Id.</u> Although Defendant had publicly criticized his counsel, when asked if he wanted new counsel to be appointed, he specifically requested that his lawyer continue to represent him in this matter generally, and with respect to his motion to withdraw plea specifically.

**<u>Discussion</u>**

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty after the court accepts the plea, but before sentencing, under two certain prescribed circumstances, only one of which may apply here. Specifically, the Defendant may be permitted to withdraw his plea if

---

[6] The Court was unable to find a case that met this description in volume 215 of the Federal Reporter 3d.

7

"the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P 11(d)(2)(B).  From the plain language of the statute, there is no absolute right to withdraw a guilty plea.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  Before a plea may be withdrawn a defendant must meet his burden of establishing a fair and just reason for withdrawal.  See United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004); vacated on other grounds at 345 U.S. 1101 (2005), reinstated at 2005 WL 1635303 (11th Cir., July 13, 2005).  See also, United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1998).

     The Court evaluates the Defendant's reasons for seeking to withdraw a plea based on the "totality of the circumstances surrounding the plea, including the following factors:  (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.  Cesal, 391 F.3d at 1179.  The "timing of a defendant's attempted plea withdrawal is highly probative of motive, [so] close scrutiny of the chronology is important in adjudicating whether retraction is fair and just." United States v. Doyle, 981 F.2d 591, 595 (1st Cir. 1992).  See also United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994)

(delayed requests disfavored); United States v. Michaelson, 552 F.2d 472, 476 (2d Cir. 1977) (a Defendant's change of heart after viewing Presentence Report insufficient reason to withdraw). A defendant does not have a right to withdraw a plea when he admitted factual guilt, even if he later asserts he is innocent of the crime to which he admitted. See United States v. Rogers, 848 F.2d 166-67 (11th Cir. 1988). Whether to allow a defendant to withdraw a guilty plea is left to the sound discretion of the trial judge. Cesal, 391 F.3d at 1179.

Examining the totality of the circumstances here, the Defendant has not shown a fair and just reason to withdraw his plea. To the contrary, there is no credible basis to allow the plea to be withdrawn. Defendant had admitted facts to support each element of the crime. By his own account, he entered the SunTrust Bank on February 9, 2006. Once there he approached a teller and delivered a note which demanded: "give me your 20s and 50s and don't be a hero." He whispered three times to the teller: "don't be a hero." The teller stated he complied with the note because he thought the lives of three female bank employees near the Defendant were at risk. In response to the demand note, the teller gave money in the bank's custody to the Defendant, who took it, and left the bank. At each of the

Defendant's appearances before the Court, he has admitted guilt for a criminal offense based on this undisputed conduct.

At the change of plea hearing on July 20, 2006, the Court found, on a substantial record, that the Defendant understood his rights under the Constitution and laws of the United States, that he agreed, after a lengthy discussion of those rights, to waive them and that he had not been coerced or threatened.  Defendant appeared to understand the elements of the offense of bank robbery, the punishment authorized to be imposed as a result of his plea, and the purpose, calculation and role of the advisory sentencing guidelines in sentencing by the Court, and had been counseled throughout the prosecution and plea process by his lawyer from the Federal Defenders Program, Inc.  Defendant admitted the conduct in which he engaged at the bank on February 9, 2006.  After a thorough discussion of Defendant's rights and the matters set forth under Rule 11(b) of the Federal Rules of Criminal Procedure, the Court entered its findings that the Defendant's plea to the count of bank robbery was competent, knowing, voluntary, and had a factual basis.  Accordingly, Defendant was adjudged guilty of bank robbery.

A careful review of the Defendant's current position, shows that he does not have a credible or reasonable basis for his request to withdraw. Defendant's reason for seeking now to withdraw his plea is that he believes the teller from whom he demanded money was behind what he believed to be bullet-proof glass, and thus could not have been fearful or intimidated. Defendant suggests that he thus cannot be guilty of bank robbery and should be allowed to plead to some lesser offense. Put another way, Defendant admits that he engaged in the conduct alleged, but insists that conduct amounts to something less than "bank robbery" under § 2113(a).

The Defendant has acknowledged now on three occasions the conduct in which he engaged on February 9, 2006. As a matter of law; it is irrelevant that the Defendant believes the teller confronted should not have been afraid or intimidated.[7] See United States v. Graham, 931 F.2d 1442, 1443 (11th Cir. 1991).

---

[7] There being a sufficient factual basis for Defendant's plea, the Court now believes it should have accepted the plea at the July 5, 2006 hearing. The fact is, his plea was not accepted, the Defendant requested a second hearing to enter his plea and he was adjudged guilty on July 20, 2006, at which time he did not raise any argument regarding whether he was guilty of committing bank robbery on February 9, 2006. There is strong precedent that the facts to which the Defendant admitted was more than enough to support the Defendant's plea. United States v. Cornillie, 92 F.3d 1108 (11th Cir. 1996) (Defendant's presentation of a demand note and the teller's compliance is sufficient for the Court to support intimidation

The fear or intimidation elements of § 2113 are objective.  <u>Id.</u>  The element is met if a reasonable person would have felt fear or intimidation.  <u>Id.</u>  Defendant's presentation of a note with the overtly threatening warning not to be "a hero" easily meets this standard.  See <u>Id.</u>; <u>Cornillie</u>, 92 F.3d at 1110.  Upon further review of the transcript of the July 5 and 20, 2006, change of plea proceedings, the Court finds Defendant has no credible basis to support his belief or his opinion that a reasonable person in the teller's shoes would not have been intimidated.  Defendant does not dispute factual guilt, but rather only the well-settled precedent of the Eleventh Circuit.  For this reason alone, the plea is not allowed to be withdrawn.

 Applying the criteria in <u>Cesal</u>, the Court further finds that the Defendant has failed to show a fair and just reason for withdrawal.  Considering the totality of the circumstances surrounding the plea, the Court finds that Defendant was at all stages closely assisted by an experienced lawyer in the Federal Defenders program.

---

and to instruct on bank robbery); <u>United States v. Graham</u>, 931 F.2d 1442 (11th Cir. 1991) (demand note and glare was sufficient to intimidate teller).  That is, there were clear, sufficient facts that "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the Defendant's acts." <u>Cornillie</u>, 92 F.3d at 1110; <u>United States v. Kelley</u>, 412 F.3d 1240, 1244 (11th Cir. 2005).

This counsel has significant criminal trial experience and a reputation for being a competent and zealous criminal defense lawyer. The Court notes that the Defendant acknowledged his good relationship with and confidence in his counsel, and specifically requested that she represent him in connection with his request to withdraw the plea. Having carefully reviewed the transcripts of both July 5, 2006 and July 20, 2006, change of plea hearings, the Court also concludes that Defendant's plea was knowing and voluntary.

The Court has devoted significant time to this issue, including conducting two change of plea hearings and then having the issue raised again at the sentencing hearing. Judicial resources would not be conserved by allowing the plea to be withdrawn. The Court notes that Defendant did not claim that he wanted to withdraw his plea until after the Court had considered objections to the sentencing guideline calculations, guideline findings had been made, and the guideline incarceration range announced. In fact, Defendant requested to withdraw the plea just before Defendant's sentence was to be imposed. The "timing of a defendant's attempted plea withdrawal is highly probative of motive, [so] close scrutiny of the chronology is important in adjudicating whether

retraction is fair and just." United States v. Doyle, 981 F.2d 591, 595 (1st Cir. 1992). Considering the timely and manner of the Defendant's request to withdraw his plea, the Court concludes that the Defendant's intention in seeking withdraw is to delay the imposition of his sentence. While there is not a strong argument that the government would be prejudiced if the Defendant were allowed to withdraw his plea, the Court notes that a delay in any case, especially one including an event like the one on February 9, 2006, degrades the quality of witness recollection and in that regard prejudices the presentation of the prosecution's case.

For all of these reasons, the Court concludes, based on the totality of the circumstances, that the Defendant has not shown a fair and just reason to allow the withdrawal of his plea.

Accordingly, and for the reasons discussed above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Plea [34] is **DENIED**.

**SO ORDERED** this 16th day of November, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE